McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit, founded on a promissory note for $780.00.
The declaration was filed at the March Term, 1859, and on the same day on which the declaration was filed, as it seems, the following words appear to have been written thereon, namely: “Defendants plead non-assumpsit, *55 payment and set off,” and the names of defendants’ attorneys were signed thereto, underneath which the words, “Replication and Issue,” were written and signed by plaintiffs’ attorney.
The record shows that at the next term of the Court, to-wit: July Term, 1859, judgment by default was entered up against the defendants, for want of defense to the action. And this is the error assigned and relied on for a reversal of the judgment.
If the so-called pleas “in short,” as they are designated in modern phrase, can be recognized as of any validity, then, it is clear, the Court erred in rendering the judgment by default; if not, then it is equally clear that error cannot be predicated of the judgment.
The solution of this question depends upon the provisions of the new Code. Section 2906 declares that “a plea shall, in all cases, contain a succinct statement of the facts relied on as a defense to the action,” except the plea of “a general denial,” provided for by section 2913. And by section 2883, “it is the duty of the Court to see that the rules of pleading are substantially adhered to.” By section 2882, it is provided that “if any pleading is bad for duplicity, unnecessarily prolix, irrelevant, or frivolous, it may be stricken out at the cost of the party so pleading, on motion of the adverse party, or hj the Court of its own motion.” From these provisions, it necessarily follows, in- the first place, that a plea “in short,” is frivolous, and is to be treated as a nullity; and in the next place, that it is the imperative duty of the Court, whenever the question shall properly arise, to disregard such a pica, and to order it to be struck out, or to proceed to render judgment as if no such plea had *56 been put in, either on the motion of the adverse party, or of its own motion.
In this view, notwithstanding the words “non-assump-sit, payment and set off,” seem to have been accepted by the plaintiff as pleas to the action, and the words “replication and issue,” were written thereunder, we think it was altogether competent to the Court, either on motion of the plaintiff, or on its own mere motion, to strike out these words, or to disregard them entirely, and proceed to render judgment as for want of a plea, or defense, to the action, unless the party had shown a meritorious defense, and a sufficient excuse for not having availed himself of it in the proper form, and at the proper time. It cannot be held that the plaintiff is precluded, by his acceptance of such pleas, from afterwards disregarding them, at any time, before proceeding to trial. But, if the parties shall choose to go to trial upon such issues, and the Court, regardless of the positive injunction of the Statute, shall tolerate them in doing so, we think the objection to such pleading, could not be taken, after verdict, by either party.
The result is, that the judgment, in the present case, . must be affirmed.